Middleton, J.
The controlling question is whether conviction of violation of a federal statute which carries the penalty of imprisonment in a federal penitentiary constitutes Julius Raab “guilty of felony” within the meaning of Section 1275, General Code, and thus a valid ground for revocation of his license to practice medicine.
Section 1275, General Code, which is part of the State Medical Board Act, provides in part:
“The State Medical Board may refuse to grant a certificate to a person guilty of fraud in passing the examination, or at any time guilty of felony or gross immorality, grossly unprofessional or dishonest conduct, or addicted to the liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery.
(< * * #
“Upon notice and hearing, the board, by a vote of not less than five members, may revoke or suspend a certificate for like cause or causes.” (Emphasis supplied.)
The term, “felony,” is not defined in the State Medical Board Act but is defined in Section 12372, General Code, which provides:
“Offenses which may be punished by death, or by imprisonment in the penitentiary, are felonies'* * V’
It is argued in behalf of Raab that “felony” as used in Section 1275, General Code, includes only a violation of the criminal statutes of Ohio and that the *160 criminal charge must be based upon the Ohio statutes. In support of that position it is claimed that the Legislature evidenced intent to confine the term, “felony,” to violation of Ohio statutes, by failure to specifically state in either Section 1275 or Section 12372 that violation of any statute, other than a statute of Ohio, could constitute a felony.
In this connection it is pointed out by way of illustration that Section 12392, General Code, specifically provides that one who levies war against the United States or adheres to its enemies or gives them aid and comfort is guilty of treason against the state of Ohio and shall be punished by imprisonment in the penitentiary for life.
It is further urged that such legislative intent to limit the crime to violation of an Ohio statute is indicated by the word, “the,” in connection with “penitentiary” in Section 12372, General Code, which, it is claimed, can refer only to the state penitentiary in Columbus, Ohio.
On the other hand, the State Medical Board contends that the term, “felony,” as used in Section 1275, General Code, includes a violation of any federal statute which is punishable by imprisonment in a federal penitentiary.
Many decisions from states other than Ohio are cited and discussed by both sides. Most of the cases so cited were decided under state statutes that either limited the crime to violation of the statutes of that particular state or specifically provided that it was not so limited. The Ohio statutes do neither. In the decisions from states in which the statutes neither limit nor specifically expand the scope of the offense under consideration, the better reasoning supports expansion rather than limitation of definition of crime when made the basis of revocation of professional certification.
*161 In the case now under consideration the crime consisted of violation of a law of the United States, and not a law of another state of the Union. We are, therefore, not concerned with what might be the effect of violation of the law of a state other than Ohio.
Citizens and residents of Ohio, as they go about their daily work or pursue their professions are subject to the laws of the United States as well as the laws of Ohio. They are protected by both and must pay the penalty for violation of either. The operation of the federal courts in Ohio is necessary for the good of Ohio citizens. The enforcement of federal statutes in Ohio is as necessary as the enforcement of Ohio statutes. No one would deny that every Ohio citizen is amenable to the federal, income tax laws.
We, therefore, consider it reasonable to. conclude that the General Assembly of Ohio had in mind this dual obligation of Ohio citizens when it enacted Section 1275, General Code. It is our conclusion that the term, “felony,” as used in that section includes a violation of a federal as well as an Ohio criminal statute, the penalty for which violation is imprisonment in either a federal or the state penitentiary.
The argument of Raab that the word, “the,” before the word, “penitentiary,” limits the meaning of felony to a violation punishable by imprisonment in the penal institution located on Spring street in Columbus, Ohio, is not sound. Other penal institutions in Ohio are recognized places of confinement of those convicted of a felony. Females over 16 years of age “convicted of felony” are sentenced to the institution designated as The Ohio Reformatory for Women. (Section 2148-5, General Code.) Males between the ages of 16 and 21 years “convicted of felony” are sentenced to the reformatory instead of the penitentiary. (Section 2131, General Code.)
Conviction of a violation of a federal statute punish *162 able by imprisonment iii a federal penitentiary satisfies tbe requirements- of Section 1275, General Code.
Tbe judgment of the Court of -Appeals' is reversed and the decision and order of the State Medical Board revoking the license of Julius Raab to practice medicine is affirmed.

Judgment reversed.

Weygandt, C; J., Zimmerman, Stewart, ' Taet, Matthias, and Hart, JJ., concur.